UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

Case No.

AMBER CARTER,

Plaintiff,

-against-

SAFETY CLEAN LLC and JOE MEHAJ,

Defendants.
----------------------------------------------------------X

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff Amber Carter ("Carter") alleges against the Defendant Safety Clean LLC and Defendant Joe Mehaj (collectively "Defendants"), upon information and belief, as follows:

**NATURE OF THE CLAIMS**

1. Plaintiff brings this action against the Defendants pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq*. ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq*. ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. ("NYCHRL") to recover damages she sustained as the result of being discriminated against and retaliated against on the basis of her sex/gender and sexual orientation.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over Plaintiff's claims under Title VII pursuant to 28 U.S.C. § 1331 and 1343, because those claims arise under the laws of the United States.

3. This Court has supplemental subject matter jurisdiction over Plaintiff's related NYSHRL and NYCHRL claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, occurred in this district.
5. On January 28, 2023, Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") (Federal Charge No. 520-2022-07252). On May 25, 2023, EEOC issued Plaintiff Notice of Right to Sue (annexed hereto as Exhibit A).
6. Plaintiff has exhausted administrative remedies, and any and all other prerequisites to the filing of this suit have been met.

**THE PARTIES**

7. At all times relevant to this action, Plaintiff is a resident of the New York County in the State of New York.
8. Plaintiff is a homosexual woman and therefore is protected from unlawful employment discriminatory practices under the Title VII, NYSHRL and NYCHRL.
9. At all times relevant to this action, Plaintiff was an employee of Safety Clean LLC within the meaning of Title VII, NYSHRL and NYCHRL.
10. At all times relevant to this action, Safety Clean LLC was and is a domestic business corporation authorized to conduct business under and by virtue of the laws of the State of New York.
11. At all times relevant to this action, Safety Clean LLC provides services including, residential cleaning, office cleaning, commercial cleaning, retail cleaning, *etc*.
12. At all times relevant to this action, Safety Clean LLC is located at the premises designated and/or more commonly known as 355 Lexington Ave, 4th Floor, New York, NY 10017.

13. At all times relevant to this action, the Defendant Joe Mehaj was an agent, servant, and/or employee of Safety Clean LLC.

14. At all times relevant to this action, Joe Mehaj was the Field Manager at Safety Clean LLC.

15. At all times relevant to this action, Joe Mehaj was Plaintiff's immediate supervisor.

16. At all times relevant to this action, Joe Mehaj had the right to control the terms and conditions of Plaintiff's employment at Safety Clean LLC.

17. At all times relevant to this action, Joe Mehaj had the right to hire, fire, reward, sanction, promote, demote Plaintiff with regard to her employment with Safety Clean LLC.

18. At all times relevant to this action, Nancy Molina was employed as HR at Safety Clean LLC.

19. At all times relevant to this action, Mark A. Sullivan was employed as Director of Operations at Safety Clean LLC.

**<u>FACTUAL ALLEGATIONS</u>**

20. On or about August 22, 2021, Plaintiff commenced her employment with Safety Clean LLC.

21. From August 2021 to May 2022, Plaintiff was employed as a Lead Cleaner at Our Lady of Assumption School, located at 1617 Parkview Avenue, Bronx, New York 10461.

22. At said location, Plaintiff worked approximately 40 hours per week at a rate of $17.50 per hour.

23. Plaintiff's duties included, but not limited to: cleaning classrooms, cleaning bathrooms, moving furniture, sweeping and mopping, restocking paper towels, *etc*.

24. Plaintiff's typical work schedule was from Monday to Friday, from 6:30a.m. to 4:00p.m. or 7:00a.m. to 3:00p.m.

25. On a regular basis, Plaintiff offered to work additional hours to cover for other employees and help the Defendant run a successful business.

26. During her employment, Plaintiff was a stellar employee, and received numerous praises for her outstanding work performance.

27. On or about May 9, 2022, Plaintiff, along with other Safety Clean LLC employees, was transferred to work at a residential building, located at 55 Prospect Street, Brooklyn, New York 11201.

28. At said location, due to her outstanding work performance, Plaintiff was promoted to Supervisor.

29. From in around May 2022 to August 2022, Plaintiff reported to Nancy Molina, the HR, and former employee of Safety Clean LLC.

30. At said location, Plaintiff also reported directly to Joe Mehaj, the Field Supervisor.

31. Plaintiff submitted her sign-in/sign-out sheets to Nancy Molina, the HR.

32. Once Plaintiff fell under the supervision of Joe Mehaj, she became the target of unlawful discriminatory practices on the basis of her sex/gender and sexual orientation.

33. Plaintiff is a homosexual woman and wears a short haircut and clothes traditionally associated with men.

34. Joe Mehaj was aware of Plaintiff's sexual orientation and openly disapproved the same.

35. On or about May 31, 2022, Joe Mehaj said to Carter in the presence of a heterosexual man, named Alan, that, "**Being gay is a sin!**"

36. Plaintiff was highly offended by Joe Mehaj's discriminatory comment.

37. Plaintiff immediately reported said discriminatory comment to Nancy Molina, the HR, who promised to speak to Joe Mehaj and address the situation.

38. Nevertheless, Joe Mehaj continued making discriminatory comments towards Carter.

39. On or about June 17, 2022, Carter was working in the men's bathroom, when Joe Mehaj snatched the brush from Carter, commenting, "**Let me do it! It takes the man's power to do it!**"

40. Plaintiff was embarrassed and humiliated, as she was able to do this job regardless of her sex or gender.

41. Joe Mehaj continued making discriminatory comments towards Carter, "**Your cunt does not belong here!**"

42. Plaintiff was appalled by Joe Mehaj's discriminatory comments and objected to the same to no avail.

43. Plaintiff immediately reported the incident to Nancy Molina, who again promised to speak to Joe Mehaj.

44. On or about July 11, 2022, Carter was summoned by Nancy Molina to the office of Safety Clean LLC.

45. In fear of retaliation, Carter emailed Nancy Molina indicating, "**Joe is biased against me, my job is on the line, and now you call me to the office!**"

46. When Plaintiff arrived to the office, however, Nancy Molina assured Plaintiff that she did nothing wrong, but that she would be transferred to another location.

47. At the new location, the residential building at 681 First Avenue, New York, New York 10016, Plaintiff was told she would no longer be reporting to Joe Mehaj.

48. In retaliation and in further discrimination against Plaintiff, she was demoted to a Cleaner position, instead of a Supervisor.

49. No disciplinary action was taken against Joe Mehaj for his making a slew of discriminatory comments towards Carter.

50. Safety Clean LLC, through its agents and employees (Joe Mehaj), unlawfully demoted Carter in retaliation against her for complaining about Joe Mehaj's discriminatory comments.

51. Carter was also required to report to a regular supervisor, instead of a field supervisor.

52. Although Plaintiff's pay remained the same, the essential duties of her position materially deteriorated, and she no longer had authority to supervise other employees.

53. Following the demotion, Carter was stripped of her duties, and was required to shampoo the carpets on her own, without any assistance.

54. On or about August 1, 2022, Nancy Molina approved Carter's request for vacation from August 29, 2022 to September 6, 2022.

55. On or about August 19, 2022, Nancy Molina's employment with Safety Clean LLC ceased.

56. Following Nancy Molina's separation from Safety Clean LLC, Plaintiff again fell under the supervision of the Field Supervisor, Joe Mehaj.

57. Carter reminded Joe Mehaj and Mark Sullivan, the Director of Operations, about her upcoming vacation, which had been previously approved by Nancy Molina.

58. Joe Mehaj and Mark Sullivan acknowledged the approved vacation time.

59. On or about August 22, 2022, in further retaliation against Carter for complaining about Joe Mehaj's discriminatory comments, Joe Mehaj placed Plaintiff on call, effectively removing her from a permanent schedule.

60. Joe Mehaj commented that he was putting Plaintiff "on the bench!"

61. On or around August 23, 2022, as per Joe Mehaj's instructions, Carter worked at the address provided by Joe Mehaj.

62. Following August 23, 2022, Joe Mehaj failed to assign Carter any shifts, effectively cutting her hours from forty (40) hours to zero (0) hours per week.

63. On or about August 29, 2022, Carter took her vacation, which had been previously approved by Nancy Molina, and acknowledged by Joe Mehaj and Mark Sullivan.

64. On or about August 31, 2022, Plaintiff was terminated from Safety Clean LLC in retaliation against her for voicing her concerns about discrimination.

65. Carter's employment was terminated on the pre-textual grounds of job abandonment, even though Plaintiff's request for vacation had been previously approved by Nancy Molina, and acknowledged by Joe Mehaj and Mark Sullivan.

66. Safety Clean LLC, through its agents and employees, unlawfully discriminated and retaliated against Carter in violation of Title VII, NYSHRL and NYCHRL.

67. Safety Clean LLC took no immediate corrective action to prevent discrimination.

68. Safety Clean LLC took no preventative measure whatsoever to avoid discriminatory and retaliatory practices by its agents and employees.

69. During her employment, Plaintiff received no employee handbook.

70. During her employment, Safety Clean LLC provided no training to Plaintiff and other employees to prevent discriminatory or retaliatory conduct by its agents and employees.

71. As a result of the Defendant's unlawful employment practices, Plaintiff has suffered and will continue to suffer loss of income, loss of salary, benefits, and other compensation which such

employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional distress.

72. As a result of foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

73. Because the Defendant's conduct has been willful, reckless, outrageous, intentional, and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the jurisdictional limits of all lower Courts.

**FIRST CAUSE OF ACTION**
**Discrimination in Violation of Title VII**

74. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

75. Pursuant to 42 USCS § 2000e-2(a)(1), it shall be an unlawful employment practice for an employer to discharge any individual, because of such individual's sex.

76. Pursuant to 42 USCS § 2000e (m), an unlawful employment practice is established when the complaining party demonstrates that sex was a motivating factor for any employment practice, even though other factors also motivated the practice.

77. The Defendant Safety Clean LLC, through its agents and employees, unlawfully discriminated against Plaintiff because of her sex by terminating her employment at least in part because of her sex.

78. As a direct and proximate result of the Defendant's unlawful employment practices, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary

damages and other relief.

**<u>SECOND CAUSE OF ACTION</u>**
**Hostile Work Environment in Violation of Title VII**

79. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

80. Pursuant to 42 USCS § 2000e-2(a)(1), it shall be an unlawful employment practice for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's sex.

81. Pursuant to 42 USCS § 2000e (m), an unlawful employment practice is established when the complaining party demonstrates that sex was a motivating factor for any employment practice, even though other factors also motivated the practice.

82. The Defendant Safety Clean LLC, through its agents and employees, unlawfully discriminated against Plaintiff because of her sex by subjecting her to a hostile work environment, severe and pervasive enough to alter the terms and conditions of Plaintiff's employment.

83. As a direct and proximate result of these Defendant's unlawful employment practices, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

**<u>THIRD CAUSE OF ACTION</u>**
**Retaliation in Violation of Title VII**

84. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

85. Pursuant to 42 USCS § 2000e-3, it shall be an unlawful employment practice for an employer

to discriminate against any of his employees, or to discriminate against any individual because she has opposed any practice made an unlawful employment practice.

86. The Defendant Safety Clean LLC, through its agents and employees, unlawfully retaliated against Plaintiff for opposing the Defendant's discriminatory practices by cutting her hours, and terminating her employment.

87. As a direct and proximate result of the Defendant's unlawful and retaliatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

**FOURTH CAUSE OF ACTION**
**Discrimination in Violation of NYSHRL**

88. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

89. The NYSHRL §296 (1) provides that it shall be an unlawful discriminatory practice for an employer because of an individual's sex, sexual orientation to discharge from employment such individual.

90. The Defendants, through their agents and employees, unlawfully discriminated against Plaintiff because of her sex by terminating her employment at least in part because of her sex.

91. As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer harm for which they are entitled to an award of monetary damages and other relief.

**FIFTH CAUSE OF ACTION**
**Hostile Work Environment in Violation of NYSHRL**

92. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

93. The NYSHRL §296 (1) provides that it shall be an unlawful discriminatory practice for an employer because of an individual’s sex, sexual orientation to discharge from employment such individual.

94. The NYSHRL §296 (1)(h) provides that it shall be an unlawful discriminatory practice for an employer to subject any individual to harassment because of an individual's sexual orientation, sex, or because the individual has opposed any practices forbidden under NYSHRL, regardless of whether such harassment would be considered severe or pervasive under precedent applied to harassment claims.

95. The Defendants, through their agents and employees, unlawfully discriminated against Plaintiff because of her sex by by subjecting her to a hostile work environment.

96. As a direct and proximate result of the Defendants’ unlawful conduct, Plaintiff has suffered and continues to suffer harm for which they are entitled to an award of monetary damages and other relief.

**SIXTH CAUSE OF ACTION**
**Retaliation in Violation of NYSHRL**

97. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

98. The NYSHRL §296 (7) provides that it shall be unlawful discriminatory practice for any person to retaliate or discriminate against any person because she has opposed any practices forbidden by Human Rights Law.

99. The Defendants engaged in an unlawful discriminatory practice by retaliating against the Plaintiff for opposing the Defendants’ discriminatory practices by cutting her hours, and terminating her employment.

100. As a direct and proximate result of the Defendants' unlawful and retaliatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

**<u>SEVENTH CAUSE OF ACTION</u>**

**Discrimination in Violation of NYCHRL**

101. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

102. Pursuant to NYCHRL § 8-107 (1) it shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived gender, disability, of any person: (2) To refuse to hire or employ or to bar or to discharge from employment such person; or (3) To discriminate against such person in compensation or in terms, conditions or privileges of employment.

103. The Defendants, through their agents and employees, unlawfully discriminated against Plaintiff because of her sex by terminating her employment at least in part because of her sex.

104. As a direct and proximate result of the Defendants' unlawful and retaliatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

**<u>EIGHTH CAUSE OF ACTION</u>**

**Hostile Work Environment in Violation of NYCHRL**

105. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

106. Pursuant to NYCHRL § 8-107 (1) it shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived gender, disability, of any person: (2) To refuse to hire or employ or to bar or to discharge from

employment such person; or (3) To discriminate against such person in compensation or in terms, conditions or privileges of employment.

107.The Defendants, through their agents and employees, unlawfully discriminated against Plaintiff because of her sex by by subjecting her to a hostile work environment.

108.As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer harm for which they are entitled to an award of monetary damages and other relief.

**NINTH CAUSE OF ACTION**
**Retaliation in Violation of NYCHRL**

109.Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

110.Pursuant to NYCHRL § 8-107 (7) it shall be an unlawful discriminatory practice to retaliate or discriminate in any manner against any person because such person has opposed the discriminatory practice prohibited by NYCHRL.

111.The Defendants engaged in an unlawful retaliatory practice by discriminating against Plaintiff, and terminating her employment in response to her complaints of discrimination.

112.As a direct and proximate result of the Defendants' unlawful and retaliatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. Declaring that the Defendants engaged in unlawful employment practices prohibited by the Title VII and awarding Plaintiff a recovery for damages sustained;

d. Declaring that the Defendants engaged in unlawful employment practices prohibited by the NYSHRL and awarding Plaintiff a recovery for damages sustained;

e. Declaring that the Defendants engaged in unlawful employment practices prohibited by the NYCHRL and awarding Plaintiff a recovery for damages sustained;

f. Declaring that the Defendants discriminated against and retaliated against and terminated Plaintiff on the basis of her sex, sexual orientation and awarding Plaintiff a recovery for damages sustained;

g. Declaring that the Defendants discriminated against and retaliated against and terminated Plaintiff on the basis of her sex, sexual orientation and awarding Plaintiff a recovery for damages sustained;

h. Awarding damages to Plaintiff, retroactive to the date of her termination, for all lost wages and benefits resulting from the Defendants' unlawful employment practices in an amount that exceeds the jurisdictional limit of all lower courts;

i. Awarding Plaintiff compensatory damages for her mental and emotional injuries in an amount that exceeds the jurisdictional limit of all lower courts;

j. An award of prejudgment and post-judgment interest;

k. An award of punitive damages where applicable;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

m. Such other relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the FRCP, Plaintiff demands a trial by jury.

Dated: May 26, 2023
New York, New York

Respectfully submitted,

Akin Law Group PLLC

*/s/ Olena Tatura*

__________________________

Olena Tatura, Esq.
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
olena@akinlaws.com
*Counsel for Plaintiff*